IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YUSUF JAHI KAFELE, ) | |
| ) | |
| Petitioner, ) | 4:06cv3310 |
| ) | |
| vs. ) | ORDER to SHOW CAUSE |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 14, the Petition for Writ of Habeas Corpus filed by the petitioner, Yusuf Jahi Kafele. The petitioner alleges violations of his constitutional rights in connection with criminal proceedings which are in progress in the state courts.

**Exhaustion**

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the U.S. Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

In his § 2254 petition, the petitioner does not refer to any appeals or other activity in the appellate courts of Nebraska in which he exhausted his claims at issue in this case. Therefore, the petitioner must show cause why his § 2254 petition should not be

dismissed, without prejudice, because he has failed to exhaust his state court remedies by presentation of his § 2254 claims to the Nebraska appellate courts before asserting his habeas corpus claims in this court.

THEREFORE, IT IS ORDERED:

1. That by February 15, 2007, the petitioner shall show cause in writing whether he has exhausted his claims at issue in this case by previously presenting them to the Nebraska appellate courts; and

2. That in the absence of a timely and sufficient response, the § 2254 petition and this case may be subject, without further notice, to dismissal without prejudice by the District Court.

DATED this 26th day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge